IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

In Re:

KAREN DAVIDSON, BLOK INDUSTRIES, INC.,   CASE Nos: 23-30018; 23-30019
                                                    Chapter 11, Sub V
    Debtors.                                      Jointly Administered Under
                                                    Case No. 23-30018-JCO

_____

FRANKLIN J. SPRING, INDIVIDUALLY AND
D/B/A SPRING TRADING GROUP, LLC,
ROBERT BRETHERTON, MARTIN MEEKS, AND   Adversary Case No. 23-3005-JCO
BTEC ENTERPRISES, INC.,

    Plaintiffs,

v.

KAREN DAVIDSON, BLOK INDUSTRIES, INC.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

The above-styled Adversary Proceeding came before this Court on the Motion to Dismiss filed by Defendants, Karen Davidson and Blok Industries, Inc., Plaintiff's Response, Defendant's Reply, Plaintiff's Response to Reply, and Plaintiff's Supplemental Response. (AP Docs. 26, 34, 39, 48, 85). Proper notice of hearing was given and appearances were noted on the record. Upon consideration of the pleadings, briefs, arguments of counsel, and record, this Court finds that the Motion to Dismiss is due to be GRANTED as to Blok Industries Inc. and DENIED WITHOUT PREJUDICE as to Karen Davidson for the reasons below.[1]

---

[1] The Court reserves the determination of whether the claims against Karen Davidson are non-dischargeable until disposition of the related pending state court litigation.

1

## JURISDICTION

This Court has jurisdiction to hear these matters pursuant to 28 U.S.C. §§1334 and 157, the Order of Reference by the District Court dated June 5, 2012, and General Order 2024-O entered by the Eleventh Circuit Judicial Council on August 8, 2024. Determinations regarding the dischargeability of debts are core proceedings pursuant to 28 U.S.C. §157(b)(2)(i).

## PROCEDURAL HISTORY AND FACTUAL BACKGROUND

In August 2020, Franklin Spring, Spring Trading Group, LLC, Robert Bretherton, Martin Meeks, and BTEC Enterprises, Inc. (collectively "the Spring Creditors") initiated "State Court Litigation" against Karen Davidson, ("Davidson"), Block Industries Inc.("Blok"), and numerous other Defendants in the Superior Court of Fulton County, Georgia.[2] (AP 23-3004, doc. 1-2.) Karen Davidson filed a Chapter 11 Subchapter V Voluntary Petition on January 9, 2023("Individual BK").(Bankr. N.D. Fla. Case No. 23-30018). Davidson's bankruptcy schedules reflect her 100% interest in Blok Industries, Inc. and the pre-petition litigation claims asserted by the Spring Creditors.(Individual BK doc.39 at 5, 12,13). Blok Industries, Inc. filed a Chapter 11 Subchapter V Voluntary Petition on January 9, 2023.("Corporate BK").(Bankr. N.D. Fla.23-30019). Blok's schedules also reflect pre-petition litigation claims asserted by the Spring Creditors. (Corporate BK doc.19 at 6-8). On January 11, 2023, this Court granted the Debtors' Motion to jointly administer the Individual and Corporate Bankruptcy Cases. (Individual BK, doc 14; Corporate BK, doc. 12).

---

[2] Business Case Division No. 4, Case No 2020CV339777. The Spring Plaintiffs' Complaint demanded a jury trial and set out various counts including, Georgia Uniform Fraudulent Transfer Act/Injunctive Relief, Fraud, Georgia RICO (Racketeer Influence and Corrupt Organizations), Civil Conspiracy, Unjust Enrichment, Breach of Fiduciary Duty, Wrongful Dissolution of Partnership, Breach of Contract, Intentional Interference with Contractual Relationships, Intentional Interference with Business Relationships, Respondeat Superior and/or Vicarious Liability, Alter Ego, Accounting, Punitive Damages, and Attorney's Fees.

On April 6, 2023, Blok and Davidson removed the pre-petition State Court Litigation to this Court. (AP 23-3004, doc. 1-2.). The State Court Litigation "Case Information" sheet attached to the Notice of Removal reflects that an array of pleadings and discovery had been filed and various orders had been entered during the three years that the State Court Litigation had been pending. (AP 23-3004, doc.1-1 at 131 et seq.).  This Court abstained from adjudicating the Removed Action and granted the parties relief to pursue the state court claims to final disposition. (AP 23-3004, doc. 36). The June 5, 2024 Abstention Order explained that abstention and remand was warranted because: state law issues predominated, the state-law claims had no independent basis for federal jurisdiction;  the state-law claims were not core proceedings; the state court action had been pending for  31 months; the Georgia Superior Court possessed the requisite expertise to adjudicate the matters; a jury trial was demanded, the presence of non-debtor parties, forum non-conveniens, comity, and judicial economy.[3] *Id.*

On April 24, 2023, the Spring Creditors filed the above-styled Adversary Complaint against Karen Davidson and Blok Industries, Inc., to Determine Dischargeability of Debt under 11 U.S.C. §523. (AP doc. 1).  The Plaintiffs' amended Complaint seeks to have their claims declared non-dischargeable as to Davidson and Blok based on allegations of false representation and actual fraud under 11 U.S.C. 523(a)(2); fiduciary fraud/embezzlement under 523(a)(4) and willful and malicious injury under 11 U.S.C. 523(a)(6). (AP doc. 33). The Plaintiffs also assert various theories of recovery against Davidson and Blok under Georgia Law.[4] (*Id.*).  The Defendants' Motion to Dismiss and Reply to the Amended Complaint assert that: (1) Blok should be dismissed because corporate debtors that receive a discharge under §1192 are not subject to 523(a); (2) fraud is not

---

[3] This Court's June 5, 2024, Abstention Order is incorporated by reference herein.
[4] These include: Alter Ego, Breach of Fiduciary Duty, Wrongful Dissolution of Partnership,  Breach of Contract, Intentional Interference with Contractual Relationships, Racketeer Influence and Corrupt Organizations action.(AP doc. 33).

3

plead with the requisite particularity; (3) Plaintiffs have not articulated the existence of a technical or express trust and any fiduciary duties, if any, owed by Davidson; (4) the allegations pertaining to the Plaintiffs' ability to collect upon their debt, are insufficient under Section 523(a)(6); (5) Plaintiffs lack standing to pursue such claims for alter ego, breach of fiduciary duty, and wrongful dissolution because such claims are derivative claims that are property of the estate in Blok's bankruptcy case; and; (6) the remaining causes of action mirror the allegations in the Removed Action.(AP docs. 26, 39).

## **ANALYSIS**

To survive a Motion to Dismiss, allegations in an adversary complaint must state a claim upon which relief can be granted. *FRCP12(b)(6)*; *Bankr. R 7012; 5200 Enterprises Ltd. v. City of New York,* 22 F.4th 970 (11th Cir. 2022)(citing *Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)(*explaining that a plaintiff's complaint must allege facts sufficient to state a claim to relief that is plausible on its face)). Thus, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and the court "must accept as true all of the allegations contained in a complaint." *Id.* A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *In re Johannessen*, 76 F.3d 347, 349 (11th Cir. 1996). With this framework in mind, this Court will first address the legal issue of whether the discharge exceptions under §523(a) apply to Subchapter V corporate debtors under §1192.

<u>The Discharge Exceptions Set Forth In 11 U.S.C. §523(a) Are Only Applicable to Individual Subchapter V Debtors Under 11 U.S.C.1192(b).</u>

Section 1192 was added to the Bankruptcy Code with the enactment of the Small Business Reorganization Act of 2019 ("SBRA"),which created Subchapter V.  It provides for discharge of Subchapter V debtors upon a non-consensual confirmation and states,

> If the plan of the debtor is confirmed under section 1191(b) of this title, as soon as practicable after completion by the debtor of all payments due within the first 3 years of the plan, or such longer period not to exceed 5 years as the court may fix, unless the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter, the court shall grant the debtor a discharge of all debts provided in section 1141(d)(1)(A) of this title, and all other debts allowed under section 503 of this title and provided for in the plan, except any debt--
>
> (1) on which the last payment is due after the first 3 years of the plan, or such other time not to exceed 5 years fixed by the court; or
>
> (2) of the kind specified in section 523(a) of this title. . . .

*11 U.S.C. §1192*

Section 523 of the Bankruptcy Code provides that, " a discharge under section 727, 1141, 1192 1228(a), 1228(b), or 1328(b) of this title does not discharge an *individual* debtor from any debt . . ." that is enumerated in the 20 categories of debts listed therein. *11 U.S. C. §523(a)*.  The juxtaposition of §1192(2) and the reference to "individual debtor" in §523(a)'s preamble has resulted in differing opinions on the issue of whether the §523 exceptions to discharge apply to corporate debtors.  See *Matter of GFS Indus., LLC.,* 99 F.4th 223 (5th Cir. 2024)*;  In re Cleary Packaging, LLC,* 36 F.4th 509, 517 (4th Cir. 2022)*; R & W Clark Constr., Inc.,* 24 CV 1463, 2024 WL 4789403 (N.D. Ill. Nov. 14, 2024)*; In re Off-Spec Sols., LLC,* 651 B.R. 862 (BAP. 9th Cir. 2023)*; In re 2 Monkey Trading, LLC,* 650 B.R. 521 (Bankr. M.D. Fla. 2023)*; In re Hall,* 651 B.R. 62 (Bankr. M.D. Fla. 2023)*; In re Rtech Fabrications, LLC,* 635 B.R. 559 (Bankr. D. Idaho 2021).

The Court of Appeals for the Fourth and Fifth Circuits and the Northern District of Illinois have held that *both* individual and corporate debtors covered by §1192 are subject to the discharge exceptions of §523(a). *Matter of GFS Indus*., LLC., 99 F.4th 223 (5th Cir. 2024*);  In re Cleary Packaging*, LLC, 36 F.4th

509, 517(4th Cir. 2022); *Chi. & Vicinity Laborers' Dist. Council Pension Plan, et al., v. R & W Clark Constr., Inc*., 24 CV 1463, 2024 WL 4789403 (N.D. Ill. Nov. 14, 2024).  The Fourth Circuit was the first Court of Appeals to address this issue in *In re Cleary Packaging, LLC.* 36 F.4th 509. In analyzing the statutory language of §1192 which excepts from discharge "any debt" . . . "of the kind specified in section 523(a)",  the Fourth Circuit reasoned that, "[t]he section's use of the word 'debt' is, we believe, decisive, as it does not lend itself to encompass the 'kind' of debtors discussed in the language of § 523(a) and "[t]his is confirmed yet more clearly by the phrase modifying 'debt'— i.e., 'of the kind'." *Id.* at 515.  Thus, it concluded that the combination of the terms 'debt' and 'of the kind' indicates that Congress intended to reference *only the list* of non-dischargeable debts found in §523(a)." *Id.*  Further, the Fourth Circuit added that, " — to the extent that one might find tension between the language of §523(a) addressing individual debtors and the language of §1192(2) addressing both individual and corporate debtors — that the more specific provision should govern over the more general." *Id.* (citing, *In re Breezy Ridge Farms, Inc.,* No. 09-1011, 2009 WL 1514671, at 2 (Bankr. M.D. Ga. May 29, 2009)("If the two provisions may not be harmonized, then the more specific will control over the general" (quoting *In re Bateman*, 331 F.3d 821, 825 (11th Cir. 2003)). Upon such reasoning, the Fourth Circuit concluded that §1192(2) provides discharges to small business debtors, whether they are individuals or corporations, *except* with respect to the kinds of debts listed in §523(a). *Id.* at 518.

Although the Fifth Circuit noted the complicated "textual awkwardness in the Bankruptcy Code, it ultimately sided with the Fourth Circuit's holding of In re *Cleary*, finding that in non-consensual Subchapter V proceedings, both corporate and individual debtors are subject to the §523 exceptions to discharge. *Matter of GFS Indus*., L.L.C., 99 F.4th 223 (5th Cir. 2024). The Fifth Circuit explained that since the statutory language of §523(a) enumerates categories or "kinds" of non-dischargeable debts, "the most natural reading of §1192(2) is that it subjects both corporate and individual Subchapter V debtors to the categories of discharge exceptions listed in §523." *Id.* at 228. The Court reasoned that, "the combination of the terms

'debt' and 'of the kind' indicates that Congress intended to reference only the list of non-dischargeable debts found in §523(a)."). *Id.* The Court further stated that,

> . . . §1192(2) does not say: "kind of debtor." Congress could have enacted those words in §1192 but instead chose "kind of debt." That text cannot be read to incorporate a distinction between "individual" and "corporate" debtors. Rather, as the Fourth Circuit correctly reasoned, the reference to "kind[s]" of debt in § 1192 serves as "a shorthand to avoid listing all 21 types of debts" in § 523(a), "which would indeed have expanded the one-page section to add several additional pages to the U.S. Code.". . . In addition, to the extent §§ 523(a) and 1192(2) clash, § 1192(2) governs as the more specific provision. Section 1192 deals directly with Subchapter V discharges, whereas § 523(a) cuts across various Bankruptcy Code provisions. See § 523(a) (listing "section 727, 1141, 1192, 1228(a), 1228(b), or 1328(b) of this title"). As the Fourth Circuit observed, "to the extent that one might find tension" between the two sections, "the more specific provision should govern over the more general . . .

*Id.*

Thus, the Fourth and the Fifth Circuit have disregarded the reference to "individual debtor" in §523's preamble and construed the discharge exceptions to apply to both individual and corporate debtors under §1192(2). However, this issue is not well-settled as other courts have construed the same statutory provisions differently.

The Ninth Circuit Bankruptcy Appellate Panel and other bankruptcy courts, including those in the Eleventh Circuit, have held that the §523 non-dischargeability provisions apply only to individual Subchapter V debtors. *In re Off-Spec Sols., LLC*, 651 B.R. 862 (BAP. 9th Cir. 2023); *In re 2 Monkey Trading, LLC*, 650 B.R. 521 (Bankr. M.D. Fla. 2023); *In re Hall*, 651 B.R. 62 (Bankr. M.D. Fla. 2023); *In re Rtech Fabrications, LLC*, 635 B.R. 559 (Bankr. D. Idaho 2021). These courts have found that the better interpretation of §1192 is that it incorporates §523(a)'s limited applicability to individuals. They reasoned that: (1) when the statute's language is plain, the sole function of the courts—at least where the disposition required by the texts is not absurd—is to enforce it according to its terms; (2) courts may look to other sources to determine congressional intent, such as the canons of construction or the statute's legislative history; and (3) effect should be given to all provisions of a statute, so that no part will be inoperative or superfluous, void or insignificant. See *Off-Spec* at 866 (citing *Hartford Underwriters Ins. Co. v. Union*

*Planters Bank.*, N.A., 530 U.S. 1, 6, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000); *Hibbs v. Winn*, 542 U.S. 88, 101, 124 S.Ct. 2276, 159 L.Ed.2d 172 (2004)). In *Off-Spec.*, the Ninth Circuit BAP stated that,

> Section 523(a) unambiguously applies only to individual debtors. The reference in §1192 to debts "of the kind specified in section 523(a)" can reasonably be construed to mean the list of debts, but nothing in §1192 obviates the express limitation in the preamble of §523(a) or otherwise expands its scope to corporate debtors.(citation omitted.) ("[W]e presume, absent clear indications to the contrary, that Congress did not intend to change preexisting bankruptcy law or practice in adopting [or amending] the Bankruptcy Code ...."); *Cohen v. de la Cruz*, 523 U.S. 213, 221, 118 S.Ct. 1212, 140 L.Ed.2d 341 (1998) (refusing to read the Bankruptcy Code as departing from past bankruptcy practice without a clear indication that Congress intended to do so.

*Id.* at 867.

The Ninth Circuit BAP further explained that as the Small Business Reorganization Act of 2019 ("SBRA") amended §523(a) by adding §1192 to the list of discharge provisions to which it applies, extracting only the list of nondischargeable debts from §523(a) without its limitation to individuals, would render the amendment surplusage. *Id.* (citing *Marx v. Gen. Revenue Corp.,* 568 U.S. 371, 386, 133 S.Ct. 1166, 185 L.Ed.2d 242 (2013) ("[T]he canon against surplusage is strongest when an interpretation would render superfluous another part of the same statutory scheme."); *Mackey v. Lanier Collection Agency & Serv., Inc.*, 486 U.S. 825, 837, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988) ("[W]e are hesitant to adopt an interpretation of a congressional enactment which renders superfluous another portion of that same law.")

The Ninth Circuit BAP disagreed with the rule of statutory construction applied in *Cleary*[5] explaining that it only applies when statutes cannot be reconciled. *Off-Spec at* 868. Instead, it found it appropriate to harmonize the statutes and that, "Section 1192 incorporates the types of debts that are nondischargeable under a nonconsensual subchapter V plan, and §523(a) limits the scope of non-dischargeability to individual debtors." *Id.* (citing *Morton v. Mancari*, 417 U.S. 535, 551, 94 S.Ct. 2474, 41 L.Ed.2d 290 (1974)(explaining courts are not at liberty to pick and choose among congressional enactments, and when two statutes are capable of co-existence, it is their duty, absent a clearly expressed congressional

---

[5] ". . . that the more specific provision should govern over the more general." *In re Cleary Packaging, LLC* at 509.

intention to the contrary, to regard each as effective); *Adirondack Med. Ctr. v. Sebelius*, 740 F.3d 692, 698 (D.C. Cir. 2014)("Absent congressional intent to the contrary, it is the court's duty to harmonize statutory provisions to render each effective.")).

Further, the Ninth Circuit BAP, found that its interpretation was consistent with the purpose of Subchapter V and the limited scope of discharge exceptions applicable to corporate debtors prior to Subchapter V. *Id.* at 868. It recognized that the SBRA was created as an expedited process for small business debtors to efficiently reorganize, remains part of Chapter 11, and should be interpreted in accordance with the overall statutory scheme. The *Off-Spec* Court also noted that, when establishing chapter 11 under the Bankruptcy Code in 1978, Congress made an intentional decision to depart from pre-Code practice and eliminate exceptions to discharge for corporate debtors based on public policy considerations, it has limited corporate discharge only once by enacting §1141(d)(6)[6] and since then, the corporate discharge has been strenuously protected. *Id.* at 868, 869 (citing *In re Rtech Fabrications, LLC*, 635 B.R. 559, 565 (Bankr. D. Idaho 2021); see also, *In re Am. Dental of LaGrange, LLC*, No. 24-10485-RMM, 2025 WL 384536, at 6 (Bankr. M.D. Ga. Feb. 3, 2025)(explaining that as a general matter, §523(a) exceptions do not apply to a corporate debtor, and a corporate debtor's discharge under §1141(d) encompasses debts of the kind identified in §523(a) (citing *In re Spring Valley Farms, Inc.,* 863 F.2d 832, 834 (11th Cir. 1989)("'It is almost undebatable and universally held that a corporate Chapter 11 debtor is not subject to the dischargeability provisions of 11 U.S.C.A. §523."); *In re BFW Liquidation, LLC*, 471 B.R. 652, 667 (Bankr. N.D. Ala. 2012) (" If the debtor is not an individual, no proper question can be raised in a Chapter 11 case as to the dischargeability of a particular debt."). Consistent with the SBRA's purpose and limited application of §523 to individual debtors prior to its enactment, the Ninth Circuit noted that, "the suggestion that Congress incorporated 19 new exceptions to discharge for small corporations in a bill that was

---

[6] An exception in which it did so expressly and only after it took eight years to enact. *In Re Ritech*, n.5 (Section 1141(d)(6) was first introduced in 1998 as part of the Consumer Bankruptcy Reform Act of 1998. H.R. 3150, 105th Cong. (1998). It did not become law until 2005, as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. P.L. 109-8, 119 Stat. 126 (2005)).

9

introduced in April 2019, and signed into law by the President in April 2019, seems not only improbable but also contradicts years of bankruptcy law and policy." *Off-Spec* at 869 (citing *In re Rtech* at 566). Thus, the Ninth Circuit BAP held that §523(a) does not apply to corporate debtors under §1192(b). Recent bankruptcy decisions in the Eleventh Circuit have reached the same conclusion. See *In re Hall*, 651 B.R. 62, 68 (Bankr. M.D. Fla. 2023)("The Court reaches this conclusion primarily because the SBRA amended the language of §523(a) to add a reference to §1192. If Congress intended for §523(a) exceptions to apply to corporations receiving a discharge under §1192, then this addition was unnecessary"); *In re 2 Monkey Trading, LLC*, 650 B.R. 521, 523 (Bankr. M.D. Fla. 2023), motion to certify appeal granted, No. 6:22-BK-04099-TPG, 2023 WL 3947494 (Bankr. M.D. Fla. June 12, 2023)(agreeing with courts holding that §523(a) applies only to individuals, and not to corporations proceeding under Subchapter V).

Upon consideration of the conflicting case law on this issue, this Court finds the reasoning of the Ninth Circuit BAP and the bankruptcy courts in the Eleventh Circuit, holding the exceptions to discharge under §523(a) apply only to individual debtors under §1192(2), convincing. Such decisions provide the best statutory interpretation of §1192's incorporation of 523(a) by giving effect to all the statutory language, recognizing the long-standing application of §523(a) to only individual debtors, and comporting with the overall purpose of the SBRA. Accordingly, this Court finds that the exceptions to discharge under §523(a) only apply to individuals in Subchapter V. Thus, the Spring Creditors' non-dischargeability claims under §523(a) fail to state a claim against Blok Industries, Inc. upon which relief can be granted.

### *It Is Appropriate To Hold Dischargeability Proceedings In Abeyance Until Conclusion Of Pending State Court Proceedings Adjudicating Liability*

This Court's Order of June 5, 2024, abstained from exercising jurisdiction over the Plaintiffs' claims against the Defendants (including Davidson) and remanded the matter to the Superior Court of Fulton County, Georgia for disposition of the substantive claims which had been pending since 2020. The facts and theories of liability set out in the Plaintiffs' State Court Complaint and this Adversary are essentially the same: fraud, breach of fiduciary duty, wrongful dissolution of partnership, alter-ego, breach of contract,

intentional interference with contractual relationship, and Georgia RICO.  Although the phrasing or titles may differ, the substantive basis of the Plaintiffs' allegations against Davidson in the above-styled adversary proceeding stem from the same nucleus of operative facts that serve as the basis for the State Court Litigation. While the court recognizes that the Plaintiffs seek to preserve their ability to contest dischargeability, they must first establish the existence of a debt. See *In re Miller*, 589 B.R. 550, 560–61 (Bankr. S.D. Miss. 2018). This Court has already determined that the appropriate forum for such adjudication is the Superior Court of Fulton County, Georgia.  Plaintiffs are not entitled to simultaneously pursue claims based on the same facts and allegations in two separate actions.  As the doctrines of res judicata, collateral estoppel, and issue preclusion prevent parties from obtaining multiple bites at the same apple, it is not necessary or appropriate for this Court to undertake a dual track of parallel litigation related to the substantive merits of the Plaintiffs' purported claims against Davidson. Additionally, duplicative proceedings would waste judicial resources and offend the notions of comity with the state court.  Thus, this Court concludes that it is appropriate to hold this Adversary Proceeding in abeyance pending the outcome of the State Court Litigation.[7]

## **CONCLUSION**

For the reasons above, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1. The Defendants' Motion to Dismiss is GRANTED as to ***Blok Industries* Inc**. *and* DENIED WITHOUT PREJUDICE as to **Karen Davidson**.

2. The Plaintiffs' non-dischargeability claims under 11 U.S.C. §523(a) against Defendant, Karen Davidson in this Adversary Proceeding are held in abeyance pending the outcome of the State Court Litigation.

---

[7] In this regard, the Court strongly suggests that the parties seek to obtain a ruling from the State Court that is clear with respect to the standards of non-dischargeability under §523(a); if the State Court's ruling is not clear regarding the standards of non-dischargeability under §523(a), the burden of proof will remain with the Spring Plaintiffs to prove that any award of damages is in fact nondischargeable.

3. Counsel for the parties are directed to notify this Court promptly upon adjudication of the Plaintiffs' claims against Davidson in the State Court Litigation.

4. If the Plaintiffs seek to continue to pursue non-dischargebility claims against Davidson upon the conclusion of the State Court Litigation, they must promptly amend their Adversary Complaint accordingly. Upon any such amendment, Defendant may file a subsequent Motion to Dismiss, if warranted.

Dated: February 14, 2025

JERRY C. OLDSHUE, JR.
U.S. BANKRUPTCY JUDGE